# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Martha and Paul Stringer, Attorneys in Fact for Kimberly Stringer

## DEFENDANTS
County of Bucks

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David K. Inscho, Esquire, Kline & Specter, PC., 1525 Locust St., Philadelphia, PA 19102; 215-772-1426

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Excessive uses of force on mentally ill pretrial detainee.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: Apr 20, 2022

SIGNATURE OF ATTORNEY OF RECORD: *David K. Inscho*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __198 Crestview Way, Yardley, PA 19067__

Address of Defendant: __55 East Court Street, Doylestown, PA 18901__

Place of Accident, Incident or Transaction: __1730 South Easton Road, Doylestown, PA 18901__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/20/2022__    *David K. Inscho*    __90267__
  Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __David K. Inscho__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __04/20/2022__    *David K. Inscho*    __90267__
  Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTHA and PAUL STRINGER,<br>Attorneys in Fact for KIMBERLY STRINGER<br>198 Crestview Way<br>Yardley, Pennsylvania 19067 | : | |
| Plaintiffs | : | NO: |
| V. | : | |
| COUNTY OF BUCKS<br>Bucks County Justice Center<br>55 East Court Street<br>Doylestown, Pennsylvania 18901 | : | |
| AND | : | |
| ANDREW KOVACH<br>c/o Bucks County Correctional Facility<br>1730 South Easton Road<br>Doylestown, Pennsylvania 18901 | : | |
| AND | : | |
| KYLE WYLIE<br>c/o Bucks County Correctional Facility<br>1730 South Easton Road<br>Doylestown, Pennsylvania 18901 | : | |
| AND | : | |
| JENIFER FORMAN<br>c/o Bucks County Correctional Facility<br>1730 South Easton Road<br>Doylestown, Pennsylvania 18901 | : | |
| AND | : | |
| CRYSTAL BIEMULLER<br>c/o Bucks County Correctional Facility<br>1730 South Easton Road<br>Doylestown, Pennsylvania 18901 | : | |

| | |
|---|---|
| AND | : |
| | : |
| CHRISTINE CUETO | : |
| c/o Bucks County Correctional Facility | : |
| 1730 South Easton Road | : |
| Doylestown, Pennsylvania 18901 | : |
| | : |
| AND | : |
| | : |
| JAQUELINE TORRES | : |
| c/o Bucks County Correctional Facility | : |
| 1730 South Easton Road | : |
| Doylestown, Pennsylvania 18901 | : |
| | : |
| AND | : |
| | : |
| C.O. PAGONE | : |
| c/o Bucks County Correctional Facility | : |
| 1730 South Easton Road | : |
| Doylestown, Pennsylvania 18901 | : |
| | : |
| C.O. HINES | : |
| c/o Bucks County Correctional Facility | : |
| 1730 South Easton Road | : |
| Doylestown, Pennsylvania 18901 | : |
| | : |
| | : |
| C.O. STYERS | : |
| c/o Bucks County Correctional Facility | : |
| 1730 South Easton Road | : |
| Doylestown, Pennsylvania 18901 | : |
| | : |
| JOHN DOE 1-20 | : |
| c/o Bucks County Correctional Facility | : |
| 1730 South Easton Road | : |
| Doylestown, Pennsylvania 18901 | : |
| | : |
|                           Defendants. | : |

## CIVIL ACTION COMPLAINT

Plaintiffs, Paula and Martha Stringer, as powers of attorney for their daughter, Kimberly Stringer, by and through their attorneys, Kline & Specter, alleges as follows:

1. This action arises from the excessive use of force by guards at the Bucks County Correctional Facility (herein "BCCF") on Kimberly Stringer, a mentally ill woman while she was housed at the BCCF from April 14, 2020 until June 17, 2020. This included repeatedly pepper spraying Ms. Stringer for purportedly not complying with guards' commands despite her inability to do so due to mental illness. The excessive force utilized on Ms. Stringer was a foreseeable and direct result of the conduct of the individual defendants and County of Bucks whose authorized the use of excessive and unconstitutionally unreasonable force on mentally ill inmates.

## PARTIES

2. Plaintiffs, Martha and Paul Stringer, are the parents of Kimberly Stringer, and adult residents of the Commonwealth of Pennsylvania, currently residing at 198 Crestview Way, Yardley, Pennsylvania,19067.

3. Plaintiffs are bringing this action as the appointed powers of attorney on behalf of Kimberly Stringer.

4. Defendant, County of Bucks (herein "Bucks County"), is a county, political subdivision, and governmental entity in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at Bucks County Courthouse, 55 East Court Street, Doylestown, Pennsylvania 18901.

5. Defendant, Andrew Kovach (herein "Defendant Kovach"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Kovach is a corrections officer and/or sergeant and supervisor of other corrections officers employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, Defendant Kovach was acting under

color of state law and under the authority provided to him as a corrections officer at BCCF.

6. Defendant, Kyle Wylie (herein "Defendant Wylie"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. At all times relevant hereto, Defendant Wylie was a corrections officer and/or sergeant and supervisor of other corrections officers employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, Defendant Wylie was acting under color of state law and under the authority provided to her as a corrections officer at BCCF.

7. Defendant, Jenifer Forman (herein "Defendant Forman"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Forman is a corrections officer employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, Defendant Forman was acting under color of state law and under the authority provided to him as a corrections officer at BCCF.

8. Defendant, Crystal Biemuller, (herein "Defendant Biemuller") is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Biemuller is a corrections officer employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, Defendant Biemuller was acting under color of state law and under the authority provided to her as a corrections officer at BCCF.

9. Defendant, Christine Cueto (herein "Defendant Cueto"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Cueto is a corrections officer employed by

the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, was acting under color of state law and under the authority provided to her as a corrections officer at BCCF.

10. Defendant, Jaqueline Torres (herein "Defendant Torres"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Torres is a corrections officer employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, Defendant Torres was acting under color of state law and under the authority provided to her as a corrections officer at BCCF.

11. Defendant, C.O. Pagone (herein "Defendant Pagone"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Pagone is a corrections officer employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, was acting under color of state law and under the authority provided to her as a corrections officer at BCCF. Defendant Pagone's first name is unknown at this time in the absence of discovery.

12. Defendant, C.O. Hines (herein "Defendant Hines"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Hines is a corrections officer employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, Defendant Hines was acting under color of state law and under the authority provided to her as a corrections officer at BCCF. Defendant Hines's first name is unknown at this time in the absence of discovery.

13. Defendant, C.O. Styers (herein "Defendant Styers"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 1730 South Easton Road, Doylestown, Pennsylvania 18901. Defendant Styers is a corrections officer employed by the Bucks County Correctional Facility and/or Bucks County. At all times relevant hereto, Defendant Styers was acting under color of state law and under the authority provided to her as a corrections officer at BCCF. Defendant Styers's first name is unknown at this time in the absence of discovery.

14. At all times material hereto, Defendant, Bucks County, owned, operated, maintained, was responsible for, and/or otherwise controlled the Bucks County Correctional Facility. The BCCF is not an independent municipal entity.

15. Defendants John Doe 1-20 are fictious designations. At all times relevant to this Complaint, Defendant John Does 1-20 were correctional officers or supervisors employed by Defendant Bucks County to work at BCCF. The identities of John Does 1-20 are unknown to the Plaintiffs despite reasonable investigation and search. John Does 1-20 were officers involved in the excessive uses of force described herein in this complaint against Kimberly Stringer during her incarceration at BCCF. Upon information and belief, John Does 1-20 are identified on documentation of the uses of a force on Kimberly Stringer and appear in videotape of those uses of force in possession of Defendants Bucks County. Plaintiffs have requested this documentation and video from Bucks County but has not been provided access to it. Plaintiffs do not presently know the names of these defendants but will seek leave to amend the Complaint within 20 days of their identity being discovered.

**JURISDICTION AND VENUE**

16. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under the United States Constitution and 42 U.S.C. § 1983.

17. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because one or more of the Defendants reside, in this district and all Defendants are residents of the Commonwealth of Pennsylvania and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**OPERATIVE FACTS**

18. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

19. Plaintiff Kimberly Stringer was a pre-trial detainee at BCCF at all relevant times herein. Ms. Stringer was continuously incarcerated between the dates of April 14, 2020 and June 17, 2020 when she was transferred to the State Mental Hospital in Norristown.

20. Prior to Kimberly Stringer's incarceration she had struggled with mental illness including Bipolar Disorder.

21. Prior to Kimberly Stringer's incarceration, policymakers in Bucks County were aware that individuals suffering from mental health disorders would frequently come in contact with the criminal justice system and specifically BCCF.

22. Prior to Kimberly Stringer's incarceration, policymakers in Bucks County were also aware that individuals with mental illness would have a reduced capacity to follow directives from guards at the BCCF.

23. Prior to Kimberly Stringer's incarceration, policymakers in Bucks County were aware that uses of force on inmates with mental illness could be detrimental to their physical and mental health. Moreover, policymakers were aware that uses of force on mentally ill individuals for not complying with directives was unreasonable, malicious and sadistic when those individuals were incapable of complying due to their mental illness.

24. In the beginning of 2020, Kimberly Stringer's mental health worsened. She developed worsening paranoia as a symptom of her mental illness.

25. On or about Saturday April 14, 2020, Kimberly Stringer was arrested by the Falls Township police for striking and threatening her neighbor. This conduct was a direct result of the paranoia induced by Kimberly Stringer's mental illness.

26. Following her arrest, Kimberly Stringer was held at BCCF as a pretrial detainee on $50,000 bail awaiting trial.

27. While at BCCF, Kimberly Stringer's mental illness worsened.

28. During Kimberly Stringer's time incarcerated at the BCCF, she was almost always naked despite being in full view of male and female corrections officers and housed on units with male inmates.

29. Kimberly Stringer was initially housed on "H" Block.

30. While on "H" Block, Defendant Officers Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers and/or John Doe 1-20 engaged in unreasonable and excessive uses of force on Kimberly Stringer, including using O.C. Spray on her and forcibly removing her from her cell and placing her in a restraint chair.

31.     The excessive uses of force while Kimberly Stringer was housed on the "H" Block were unreasonable and were instituted because of Kimberly Stringer's mental illness and the symptoms of that illness.  At no time did Ms. Stringer pose a danger to guards involved in the pepper spraying and restraining of Kimberly Stringer or any other inmates or guards at BCCF.

32.     On or about May 6, 2020, Defendant Officers Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers and/or John Doe 1-20 were engaged in an unreasonable and excessive use of force on Kimberly Stringer.[1]  Officers entered Ms. Stringer's cell and utilized Oleoresin Capsicum ("OC Spray"), commonly referred to as "pepper spray" and/or Mace.  OC Spray causes a burning sensation in the eyes, nose, mouth, and throat and can also cause difficulty breathing and temporary blindness when the eyes swell shut.

33.     In addition to utilizing OC Spray, the guards handcuffed Kimberly Stringer and placed her in a restraint chair.

34.     The May 6 use of force was unreasonable and was instituted because of Kimberly Stringer's mental illness and the symptoms of that illness.  At no time did Ms. Stringer pose a danger to guards involved in the pepper spraying and restraining of Kimberly Stringer or any other inmates or guards at BCCF.

35.     On or about May 10, Defendant Officers Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers and/or John Doe 1-20 again engaged in an unreasonable and excessive use of force on Kimberly Stringer.  On two occasions on May 10, guards used OC Spray on Ms. Stringer and again handcuffed and placed her in a restraint chair.

---

[1] The exact role that each Defendant had in the excessive uses of force of Kimberley Stringer and the specific instances that each defendant was involved in are unknown to the Plaintiffs at this time in the absence of discovery, but known to the Defendant guards and Defendant Bucks County and contained in documentation and video in the possession of Defendant Bucks County which the County has refused to provide the Plaintiffs access to in advance of litigation.

36. The uses of force on May 10 were unreasonable and was instituted because of Kimberly Stringer's mental illness and the symptoms of that illness. At no time did Ms. Stringer pose a danger to guards involved in the pepper spraying and restraining of Kimberly Stringer or any other inmates or guards at BCCF.

37. The excessive uses of force on May 10, were approved and authorized by the supervisors at the jail, including Sergeant Kovach, Sergeant Wylie, and/or John Doe 1-20 despite knowing that Kimberly Stringer was not able to comply with directives from guards because of her mental illness.

38. On or about May 20, 2020, Defendant Officers Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers and/or John Doe 1-20 were engaged in an unreasonable and excessive use of force on Kimberly Stringer. Officers entered Ms. Stringer's cell and again utilized OC Spray on Ms. Stringer despite it being evidence that she was not responding to directives from guards because of her mental illness.

39. In addition to utilizing OC Spray, the guards handcuffed Kimberly Stringer and placed her in a restraint chair.

40. The excessive use of force on May 20, was approved and authorized by the supervisors at the jail, including Sergeant Kovach, Sergeant Wylie, and/or John Doe 1-20 despite knowing that Kimberly Stringer was not able to comply with directives from guards because of her mental illness.

41. The May 20, 2020, use of force was unreasonable and was instituted because of Kimberly Stringer's mental illness and the symptoms of that illness. At no time did Ms. Stringer pose a danger to guards involved in the pepper spraying and restraining of Kimberly Stringer or any other inmates or guards at BCCF.

42. The excessive use of force on May 20, 2020, was considered a "planned use of force." As a "planned use of force" the supervisors at the jail, including Sergeant Kovach, Sergeant Wylie, and/or John Doe 1-20 authorized the use of force despite knowing that Kimberly Stringer was not able to comply with directives from guards because of her mental illness.

43. On or about May 29, 2020, Defendant Officers Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers and/or John Doe 1-20 were engaged in an unreasonable and excessive use of force on Kimberly Stringer. Officers entered Ms. Stringer's cell and physically restrained her for the purpose of involuntarily medicating her.

44. At some point while at BCCF, Kimberly Stringer was moved from a cell on "H" block to a cell Women's Special Housing Unit for Mental Health Inmates known as "the Farm."

45. While on the Farm, Defendant Officers Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers and/or John Doe 1-20 continued to engage in unreasonable and excessive uses of force on Kimberly Stringer, including using O.C. Spray on her and forcibly removing her from her cell and placing her in a restraint chair.

46. The excessive uses of force while Kimberly Stringer was housed on the Women's Special Housing Unit for Mental Health Inmates were unreasonable and were instituted because of Kimberly Stringer's mental illness and the symptoms of that illness. At no time did Ms. Stringer pose a danger to guards involved in the pepper spraying and restraining of Kimberly Stringer or any other inmates or guards at BCCF.

47. Defendant Bucks County determined that all of the excessive and unconstitutional uses of force against Ms. Stringer were consistent with its policies and procedures authorizing the use of O.C. Spray and restraints of prisoners.

48. After each incidence of excessive force utilized on Kimberly Stringer, her mental health deteriorated.

49. Inmates who had witnessed the excessive uses of force on Kimberly Stringer contacted Plaintiffs to tell them about what their daughter was experiencing.

50. On or about June 12, 2020, Plaintiff Martha Stringer emailed Bucks County Commissioner Diane Ellis-Marseglia and policy maker at Bucks County to ask about reports that O.C. Spray had been used on her mentally ill daughter.

51. On or about June 13, Plaintiff Martha Stringer was told by Commissioner Marseglia that O.C. Spray was not used on Kimberly Stringer. This was inaccurate.

52. On or about June 15, 2020, an article was published based on firsthand accounts of other inmates that witnessed the excessive uses of force on Kimberly Stringer.

53. On June 17, 2020, Kimberly Stringer was transferred from BCCF to Norristown State Mental Hospital.

54. Upon arrival at the Norristown State Mental Hospital, Kimberly Stringer was in a cationic state, unable to verbally communicate and nearly entirely unresponsive.

55. As a direct and proximate result of Defendants' unreasonable, unjustifiable and unconstitutional conduct, Kimberly Stringer was caused to suffer the following:

    a. Physical and mental pain and suffering;

    b. Fear, fright and terror;

    c. Mental anguish;

    d. Pain and suffering of being repeatedly sprayed with O.C. spray and physically restrained;

e. Worsening mental and physical illness, including potential brain damage and seizure disorder;

f. Temporary unresponsiveness and loss of capacity to speak;

g. Worsened prognosis for mental health treatment;

h. Sequalae of repeated use of O.C. Spray including potential brain damage and seizure disorder;

i. Embarrassment;

j. Disfigurement; and

k. Loss of life's pleasures.

### COUNT I – CIVIL RIGHTS- 42 U.S.C. § 1983

**Plaintiffs Martha and Paul Stringer, as Attorneys-in-Fact for Kimberly Stringer v. Defendants Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers, John Does 1-20**

56. The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

57. Defendants in all of their actions and inactions described herein with regard to Kimberly Stringer were all acting under the color of state law.

58. The force utilized by Defendants against Kimberly Stringer during her incarceration a the BCCF, as described herein, was excessive and in violation of Kimberly Stringer's due process rights under the fourteenth amendment to the United States Constitution and her rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

59. The Defendants uses of force against Kimberly Stringer were objectively unreasonable under the circumstances.

60. Defendants engaged in the excessive uses of forces described herein either intentionally, with deliberate indifference or conscious disregard to the rights of Kimberly Stringer.

61. The excessive uses of force by Defendants against Kimberly Stringer, who was at all times mentally ill and not a danger to guards or other inmates, were malicious and sadistic.

62. Defendants were aware that Kimberly Stringer had a clearly established constitutional right as a pretrial detainee to be free from excessive uses of force that were objectively unreasonable.

63. Defendants' conduct, as set forth above, demonstrates that the harm caused to Kimberly Stringer was a foreseeable and fairly direct result of Defendants' conduct.

64. Defendants' conduct, as set forth above, demonstrates that Defendants acted with deliberate indifference and conscious disregard of the great risk of serious harm to Kimberly Stringer.

65. Defendants' conduct, as set forth herein, violated Kimberly Stringer's constitutional rights, as guaranteed by the United States and Pennsylvania Constitutions, and remediable under 42 U.S.C. § 1983.

66. As a direct and proximate result of Defendants' unreasonable, unjustifiable and unconstitutional conduct, Kimberly Stringer was caused to suffer the injuries described herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Officers Kovach, Wylie, Forman, Biemuller, Cueto, Torres, Pagone, Hines, Styers and John Does 1-20, and damages provided under the Pennsylvania law, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest and any all relief available pursuant to 42 U.S.C. § 1983.

## COUNT II – CIVIL RIGHTS- 42 U.S.C. § 1983- SUPERVISORY LIABILITY

**Plaintiffs Martha and Paul Stringer, as Attorneys-in-Fact for Kimberly Stringer v. Defendants Kovach, Wylie, and John Does 1-20**

67. The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

68. Defendants Kovach, Wylie, and John Does 1-20 were in supervisory positions at BCCF with authority to plan, direct, ratify, and terminate uses of force on inmates at BCCF including Kimberly Stringer.

69. Defendants Kovach, Wylie, and John Does 1-20 were aware that Kimberly Stringer suffered from severe mental illness and that she was incapable of understanding and complying with officer directives.

70. Defendants Kovach, Wylie, and John Does 1-20 had knowledge of the excessive and unconstitutional uses of force on Kimberly Stringer described herein in violation of Kimberly Stringer's rights under the Fourteenth and Eighth Amendments to the United States Constitution and planned, approved, directed, and participated in those uses of force.

71. Defendants Kovach, Wylie, and John Does 1-20 having knowledge that subordinates were engaging in excessive and unconstitutional uses of force on Kimberly Stringer as described herein and further acquiesced to those unconstitutional uses of force.

72. The conduct of Defendants Kovach, Wylie, and John Does 1-20 in planning, approving, directing, and participating and acquiescing to the excessive uses of force on Kimberly Stringer is a violation of her constitutional rights, as guaranteed by the United States and Pennsylvania Constitutions, and remediable under 42 U.S.C. § 1983.

73. As a direct and proximate result Defendants Kovach, Wylie, and John Does 1-20 unreasonable, unjustifiable and unconstitutional conduct, Kimberly Stringer was caused to suffer the injuries described herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Officers Kovach, Wylie, and John Does 1-20, and damages provided under the Pennsylvania law, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest and any all relief available pursuant to 42 U.S.C. § 1983.

### COUNT III– CIVIL RIGHTS- MUNICIPAL LIABILITY

**Plaintiffs Martha and Paul Stringer, as Attorneys-in-Fact for Kimberly Stringer v. Defendant Bucks County**

74. The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

75. Defendants' conduct, as set forth above, evinces a violation of Kimberly Stringer's constitutional rights, including those guaranteed by the Eight and Fourteenth Amendment to the United States' Constitution.

76. Defendants Bucks County maintained policies and procedures that permitted the use of excessive force on inmates with severe mental illness including the use of O.C. Spray and restraint chairs.

77. Prior to Kimberly Stringer's incarceration there was a pattern and practice of utilizing excessive force on mentally ill inmates, including se of O.C. Spray and restraint chairs when inmates were not capable of complying with guards' directives due to mental illness.

78. Following Kimberly Stringer's incarceration, Defendant Bucks County determined that all of the constitutional violations described herein were performed by its officers consistent with BCCF's policies and procedures

79. Defendant Bucks County failed to properly train, and/or failed to have a proper policy regarding training correctional officers on use of force, use of O.C. Spray, and use of restraint chairs on pretrial detainees with severe mental illness, thereby depriving Kimberly Stringer of her constitutional rights.

80. Defendant Bucks County failed to properly supervise and/or monitor and/or failed to have a proper policy regarding use of force, use of O.C. Spray, and use of restraint chairs on pretrial detainees with severe mental illness, thereby depriving Kimberly Stringer of her constitutional rights.

81. Defendant Bucks County maintained policies procedures and practices that it knew authorized the excessive use of force on mentally ill inmates in violation of their constitutional rights. Despite this, Defendant Bucks County failed to amend, revise, or replace these policies, procedures, and practices with appropriate policies, procedures, and practices thereby depriving Kimberly Stringer of her constitutional rights.

82. The above-referenced actions are outrageous, egregious, and conscience-shocking, and rise to a level of intention to cause harm.

83. Defendant Bucks County's policies, procedures, and training were a moving force behind the violations Kimberly Stringer's constitutional rights.

84. As a direct and proximate result of Defendant's unreasonable, unjustifiable and unconstitutional conduct, Kimberly Stringer was caused to suffer the injuries including death.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Bucks County and damages provided under the Pennsylvania law, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest and any all relief available pursuant to 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all counts and all issues raised by this Complaint.

Respectfully submitted,

**KLINE & SPECTER**

BY: *David K. Inscho*
DAVID K. INSCHO, ESQUIRE
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
215-772-1000
Attorney for Plaintiffs

Date: April 20, 2022